UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSE A. PEREZ,                     )<br>                                              )<br>            Plaintiff,            )<br>    vs.                               )<br>                                              )<br>UNITED STUDENT AID FUNDS, INC., et al.,  )<br>                                              )<br>            Defendants.       )  | 1:05-cv-488-DFH-WTL |

**Entry Discussing Motion to Reconsider**

**I.**

The motion for judgment on the pleadings filed by defendant United Student Aid Funds ("USAF") was granted in the Entry of November 27, 2006, to the extent that judgment was entered for such defendant and against the plaintiff as to any claim which would require the plaintiff to establish any fact contrary to any fact found and recited in the Entry of March 29, 2006, granting USAF's motion for partial summary judgment. This ruling was compelled by application of the law of the case doctrine.[1]

The plaintiff seeks reconsideration of the foregoing ruling, pointing out that the ruling was not accompanied by a partial final judgment pursuant to Rule 54(b) of the *Federal Rules of Civil Procedure*.

The fact that a prior ruling is interlocutory does not prevent the court from applying the law of the case doctrine. *Burlington Ins. Co. v. Okie Dokie, Inc.* 439 F.Supp.2d 124, 132 (D.D.C. 2006)("while the law of the case doctrine does not automatically apply to interlocutory decisions, the court maintains its underlying rationale as applicable").

---

[1]"Unlike the more precise requirements of *res judicata*, law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California* 460 U.S. 605, 618 (1983).

The ruling of March 29, 2006, granting USAF's motion for partial summary judgment was interlocutory. Although this court's authority to reconsider the correctness of that ruling is undisputed–and in fact the plaintiff has sought such reconsideration, though without success–that ruling was correct. Accordingly, the plaintiff's motion to vacate the ruling of November 27, 2006, is denied. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988)("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'")(quoting *Arizona v. California,* 460 U.S. at 618 n.8); see also *Burlington Ins. Co. v. Okie Dokie, Inc.*, 439 F.Supp.2d 124, 132 (D.D.C. 2006).

## II.

The schedule established in Part II of the Entry issued on November 27, 2006, **remains in effect.**

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Judge
United States District Court

Date: 12/15/2006

Distribution:

Jose A. Perez, 40 FM 1960 West   #284, Houston, TX   77090
Greg A. Small,  KRIEG DEVAULT, gs@kdlegal.com
Scott Stuart Morrisson, KRIEG DEVAULT, smorrisson@kdlegal.com
Kerry Lorimer Wagner, KRIEG DEVAULT, kwagner@kdlegal.com
Todd J. Kaiser, OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
    todd.kaiser@odnss.com
Stacy Walton Long, KRIEG DEVAULT, slong@kdlegal.com
Bonnie L. Martin, OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
    bonnie.martin@odnss.com
David Eugene Stocker, SALLIE MAE INC., dstocker@generalrevenue.com