**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JOSE A. PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-488-DFH-WTL |
| | ) | |
| UNITED STUDENT AID FUNDS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**E N T R Y**

Judgment in this action was entered on the clerk's docket on January 22, 2007.  The plaintiff's first post-judgment motion, which was treated as a motion to alter or amend judgment because it was filed within ten (10) days from the entry of Judgment on the docket, was denied on January 31, 2007. The plaintiff's second post-judgment motion was filed on February 12, 2007, and is addressed in this Entry.

The motion filed on February 12, 2007, is directed in part toward the ruling of January 31, 2007, but also argues that the Judgment itself was void and subject to challenge pursuant to Rule 60(b)(4) of the *Federal Rules of Civil Procedure*.

As to the ruling of January 31, 2007, "[t]his Court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *McKnight v. Dean,* 2000 WL 968822 *1 (N.D.Ill. 2000)(quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988). Rather, motions to reconsider are "rarely appropriate," *McKnight,* 2000 WL 968822 at *1, and should be entertained under very limited circumstances:

> [W]here the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court.  Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citing *Above the Belt, Inc., v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983). The ruling of January 31, 2007, properly recited and applied the standards for acting on a motion pursuant to Rule 59(e). The applicability of those standards, moreover, to the first post-judgment motion is not subject to question here, though the motion would have suffered a similar fate if the court had applied the standards applicable to a motion filed pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure.* See *McKnight v. United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal."). Therefore, insofar as the plaintiff challenges the ruling on his first post-judgment motion, the motion to set aside filed on February 12, 2007, is **denied.**

As noted, the plaintiff's motion to set aside filed on February 12, 2007, also argues that the Judgment entered on January 22, 2007, is void and subject to challenge pursuant to Rule 60(b)(4). "A void judgment is one which, from its inception, was a complete nullity and without legal effect." *United States v. Zima,* 766 F.2d 1153, 1159 (7th Cir. 1985). This principle builds upon the fact that the lower federal courts are courts of limited jurisdiction, from which it is presumed that a case lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 376-78 (1994). A judgment is not void unless the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law. *Margoles v. Johns,* 660 F.2d 291, 295 (7th Cir.1981), *cert. denied,* 455 U.S. 909 (1982). The factors required to support relief pursuant to Rule 60(b)(4) are not remotely present in the circumstances of this case. Therefore, insofar as the plaintiff challenges the Judgment entered on January 22, 2007, as void, the motion to set aside filed on February 12, 2007, is **denied.**

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date:   2/16/2007

Distribution:

Jose A. Perez, 228 Huisache Drive, Laredo, TX 78041
Greg A. Small,  KRIEG DEVAULT, gs@kdlegal.com
Scott Stuart Morrisson, KRIEG DEVAULT, smorrisson@kdlegal.com
Todd J. Kaiser, OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
        todd.kaiser@odnss.com
Stacy Walton Long, KRIEG DEVAULT, slong@kdlegal.com
Bonnie L. Martin, OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
        bonnie.martin@odnss.com
David Eugene Stocker, SALLIE MAE INC., dstocker@generalrevenue.com